**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

MICHELLE BELL                          )
                                       )
       Plaintiff,                   )
                                       )
v.                                     )   Case No. CIV-10-338-D
                                       )
MIDLAND CREDIT MANAGEMENT,             )
INC.,                                  )
                                       )
       Defendant.                   )

**<u>JOINT STATUS REPORT AND DISCOVERY PLAN</u>**

Date of Conference:   <u>July 17, 2010</u>

Appearing for Plaintiff:   Alex D. Weisberg, Weisberg & Meyers, LLC

Appearing for Defendant: Jon E. Brightmire and Amanda L. Thrash, Doerner, Saunders, Daniel & Anderson, LLP

**Jury Trial Demanded X   -   Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.   State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") in connection with its attempts to collect an alleged debt from the Plaintiff.

   Plaintiff contends that Defendant repeatedly made telephone calls to her in connection with the collection of a debt allegedly belonging to someone else, and consistently refused to cease making said calls despite numerous requests by Plaintiff.  Defendant began contacting Plaintiff to collect a debt in or around late June or early July, 2009.  The debt Defendant attempted to collect was allegedly owed by Allen Bell, Plaintiff's ex-husband.  Through the month of July and beyond, Defendant contacted Plaintiff at the rate of approximately 3 calls per week, despite being repeatedly informed at the outset that Allen Bell was no longer Plaintiff's husband and that Plaintiff had no information pertaining to Allen Bell's location.

Defendant denies that it violated the FDCPA and denies it is liable for intentional intrusion upon Plaintiff's privacy.

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

None at this time.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.      Plaintiff: Plaintiff seeks a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages of $1,000.00 and attorneys' fees and costs.

    b.      Defendant: Defendant denies that Plaintiff is entitled to recover any damages.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

    Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes   X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Both parties anticipate filing Motions for Summary Judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**.   Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes    X No
    If "no," by what date will they be made?  August 6, 2010.

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>July 17, 2010</u>.

B. The parties anticipate that discovery should be completed within <u>6</u> months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Six months</u>.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   X Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   X Yes ☐ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
   _____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
   <u>N/A</u>_____
   _____

9. **ESTIMATED TRIAL TIME**:  <u>1-2 days</u>

10. **BIFURCATION REQUESTED**: ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good      X Fair  ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.  Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes     ☐ No

    B.  The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?    X Yes   ☐ No

14. Type of Scheduling Order Requested.  X Standard  -  ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    Submitted this 28th day of July, 2010.


                                    s/ Alex D. Weisberg_____
                                    Counsel for Plaintiff


                                    s/ Jon E. Brightmire_____
                                    Counsel for Defendant


                                    s/ Amanda L. Thrash _____
                                    Counsel for Defendant

## **CERTIFICATE OF FILING**

I certify that on July 28, 2010, I electronically filed the foregoing with the clerk of the U.S. District Court, Western District of Oklahoma using the electronic case filing system of the court.

>By: s/Alex D. Weisberg
>Alex D. Weisberg
>WEISBERG & MEYERS, LLC
>5722 South Flamingo Road, Ste. 656
>Cooper City, FL 33330
>(954) 212-2184
>(866) 577-0963facsimile
>AWeisberg@AttorneysForConsumers.com
>Attorney for Plaintiff