**Exhibit 14**

# WEISBERG & MEYERS, LLC
## ATTORNEYS FOR CONSUMERS
5025 NORTH CENTRAL AVE. #602
PHOENIX, ARIZONA 85012
602-445-9819
866-775-3666 (TOLL FREE)
866-565-1327 FACSIMILE
ARIZONA OFFICE
WWW.ATTORNEYSFORCONSUMERS.COM

EXTENSION: 111
E-MAIL: MMEYERS@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
ARIZONA;
U. S. DISTRICT COURT,
FLORIDA NORTHERN DISTRICT

January 7, 2010

Midland Credit Management, Inc.
Attn: Legal Department
8875 Aero Drive
Suite 200
San Diego, CA 92123

RE: Ms. Michelle Bell
1214 S. Midwest Blvd.
Midwest City, OK 73110
Last Four Numbers of Ms. Bell's SS#: 7866
Telephone Number Called: 405-455-2244

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq.and/or State law.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same without resort to expensive and unnecessary litigation. Our initial assessment of this matter is that before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the alleged outstanding debt owed by my client (which we hereby dispute and demand proof of). The violations that have occurred include, but are not limited to repeatedly making telephone calls to Plaintiff in

connection with collection of a debt allegedly belonging to someone else, and consistently refusing to stop this behavior after numerous requests by Plaintiff (§ 1692d)).

As you are aware, aside from any client's economic damages, emotional distress damages are actual damages deserving of compensation. Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). You are also aware that my client may be entitled to statutory damages of up to $1,000.00. 15 U.S.C. §§ 1692k(a)(1), (2)(A) and (b)(1). Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir. 1998); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). In addition to the above, the FDCPA also provides for the recovery of attorneys' fees and costs.

I am sure your company can appreciate the need to address this issue with my client and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter for $3,500.00, inclusive of fees and costs plus your company's, and its assigns, agreement to cease all collection activities with our client, and remove, correct or prevent any and all trade-line information that appears, had appeared or may appear on any of my client's credit reports. This demand is inclusive of all statutory and actual damages both in the form of emotional distress, economic loss, damage to credit, and attorneys' fees and costs. As I am sure you are aware, decisions from around the country have proven time and again that a substantial award can be obtained should my client have an opportunity to present this case to a jury. See Belile v Allied Medical Accounts Control Associated Bureaus, Inc., 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); Crossley v Lieberman, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989)(actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); In re Littles, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); Southern Siding Company, Inc, v. Raymond, 703 So.2d 44 (La. App., 1st Cir. 1997)(Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); Venes v. Professional service Bureau, 353 N.W. 2d 671 (Minn. Ct. App. 1984)($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation). Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. See Belile, Crossley, Littles, Raymond.

In conclusion, you are hereby directed to cease and desist all collection activities until the alleged debt is verified. Further, if you chose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's claims in a court of law. Please be advised that if such

circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Marshall Meyers
Attorney at Law

MM/js

cc: Michelle Bell