**Exhibit 23**

# Paul Zelnick

| | |
|---|---|
| **From:** | Alex Weisberg |
| **Sent:** | Monday, August 02, 2010 4:16 PM |
| **To:** | 'athrash@dsda.com' |
| **Cc:** | 'Brightmire, Jon E.' |
| **Subject:** | Bell, Michelle v. Midland Credit Management, Inc. |

Counsels,

Our office is in receipt of your client's Rule 68 offer of judgment in the amount of $1,500.00, plus attorneys' fees incurred to date. I write to clarify your client's offer.

As I assume you are well aware, in cases brought under federal statutes that include a fee-shifting provision, where a prevailing party is forced to incur time and effort litigating its petition for attorneys' fees and costs, such time is recoverable. See Hairston v. R&R Apartments, 510 F. 2d 1090, 1093 (7th Cir. 1975) ("... if no fees are awarded, the burden of the costs is placed on the organization providing the services, and it correspondingly may decline to bring such suits and decide to concentrate its limited resources elsewhere, thereby curtailing the forceful application of the Act that Congress sought"); see also La. Power & Light Co. v. Kellstrom, 50 F. 3d 319, 336 (5th Cir. 1995); see Brandenburger v. Thompson, 494 F.2d 885 (9th Cir. 1974); Miller v. Amusement Enterprises, Inc., 426 F.2d 534 (5th Cir.1970).

"If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours will be correspondingly decreased . . . . Such a result would not comport with the purpose behind most statutory fee authorizations, viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies." Prandini v. National Tea Co., 585 F. 2d 47, 53 (3d Cir. 1978).

As I am also sure you are aware, an offer of judgment that excludes attorneys' fees or costs accrued as of the date of the offer is invalid. Scheriff v. Beck, 452 F. Supp. 1254, 1260 (D.C. Colo.1978) ("Plaintiff also contends that the offer is fatally defective because it excludes attorney's fees then accrued. We agree."). Simply, Rule 68 does not permit an offeror to pick and chose which accrued attorneys' fees and costs he is willing to pay.

The Supreme Court indeed echoed such an understanding in Marek v. Chesny, explaining that an offer of judgment is valid only where it does not "implicitly or explicitly" exclude attorneys' fees or costs. 473 U.S. 1, 6, (1985). In Delta Air Lines, Inc. v. August the Supreme Court noted that a Rule 68 offer of judgment consists of two components: "(i) the substantive relief proposed, which may be a sum of money or specific relief such as reinstatement or promotion, and (ii) costs, including a reasonable attorney's fee." 450 U.S. 346, 365 (1981). The Supreme Court continued: "The offer should specify the first component with exactitude. But the amount of the fee is within the discretion of the court if the offer is accepted." Id. at 365.

I am confident that you have presented your client's Rule 68 offer of judgment in line with the purpose underlying Rule 68; to encourage settlement. I am further convinced that you would not disagree with the statement that unrealistic offers neither foster settlements nor avoid protracted litigation. Thus, I simply wish to confirm that your client's offer is indeed in amount of $1,500, in addition to all attorneys' fees and costs properly awardable by the court, absent limitation otherwise. I intend to file a Notice of Acceptance which reflects our understanding that the offer is being accepted as to Ms. Bell's underlying claim, plus all attorneys' fees and costs incurred in the case. Moreover, at this point, we would be willing to settle the attorneys' fees and costs for $3,155.00.

Alex Weisberg*
Weisberg & Meyers

1