**Exhibit 26**

# Paul Zelnick

| | |
|---|---|
| **From:** | Brightmire, Jon E. [jbrightmire@dsda.com] |
| **Sent:** | Tuesday, August 03, 2010 4:01 PM |
| **To:** | Alex Weisberg |
| **Cc:** | Thrash, Amanda |
| **Subject:** | RE: Bell, Michelle v. Midland Credit Management, Inc. |

Alex, I will have to see your time entries before my client can agree to pay attorney fees for "15-16" hours. All that has happened in this case is the filing of the Complaint and the JSR. The preparation of those documents shouldn't have taken more than a couple of hours each. Assuming another 2-3 hours to interview the client and correspondence with us and the client, I have a hard time getting over 6-7 hours total at this point. (I'm not counting your lengthy email yesterday concerning the law on offers of judgment. I'm well aware of Rule 68's requirements and the offer we made is clear.)

Moreover, while I can appreciate your hourly rates may be reasonable in Florida, they are well above the norm in Oklahoma, and the Court will award fees on the basis of Oklahoma rates. In *Valley View Angus Ranch, Inc. v. Duke Energy Field Services, LP*, 2009 WL 2778912 (W.D. Okla. Aug. 28, 2009), plaintiff's lawyers were awarded attorney fees based on hourly rates of $250 for Kenneth Johnston, $170 for Wes Johnston, and $125 for John Graves. The defendant did not challenge the reasonableness of those hourly rates, agreeing that the rates were commensurate with prevailing rates charged in the community in similar cases. Judge DeGiusti added that "[b]ased on its knowledge and familiarity with hourly rates in this community, the Court agrees that the rates charged are fair and reasonable for the work performed in this case." *Id.* at *2. Kenneth Johnston has been a member of the bar since 1974, and Wes Johnston has been a member of the bar since 1989. John Graves received his law degree in 2003.

In *Utica Mutual Insurance Co. v. Voyles*, 2007 WL 275978 (W.D. Okla. Jan. 25, 2007), the defendants filed a motion for attorney fees against the plaintiff insurance company, which had filed a declaratory judgment action seeking a declaration that it had no obligation to defend or indemnify the defendants. The Court awarded attorney fees based on hourly rates of $185 for R. Todd Goolsby and $125 per hour for John H. Schneider. Judge Cauthron stated that "[t]he hourly rates charged are reasonable for the same or similar legal services provided in Oklahoma City, Oklahoma." *Id.* at *3. According to his firm's website, Mr. Goolsby received his JD in 1988, 21 years ago.

In *Valley View*, Judge DeGiusti cited *Spencer v. Oklahoma Gas & Electric Company*, 2007 OK 76, 171 P.3d 890. In *Spencer* the plaintiff sought to recover attorney fees for her attorney, Jerry Colclazier. Mr. Colclazier testified he had been practicing law for approximately 17 years, and charged rates of $180 an hour for out-of-court time and $250 an hour for in-court time. *Id.* at 894. The Oklahoma Supreme Court approved an hourly rate of $150 for Mr. Colclazier. *Id.* at 897.

As you can see, attorneys are not being awarded fees in this state at the rates you state below. Attorneys with many more years of experience than you are often times receiving $150 - $200 an hour. And there is nothing complex about this case which would suggest a higher rate.

Based on the above, my client will offer to pay fees for 8 hours at a blended rate of $150, for a total of $1,200. In addition, it will pay the $350 filing fee. (If you incurred an expense for service of the summons, it will pay that as well. However, the return of service filed with the Court states on it that fees were "$0.00".) Please let me know if we can settle this issue without the Court's involvement.

Incidentally, you state you will be filing an acceptance of the offer. I am sure the Court would appreciate us letting it know asap so it does not have to prepare for the status/scheduling conference on Thursday. Let me know if you want me to call the Court and give it a heads up.

Thanks,

Jon


**From:** Alex Weisberg [mailto:aweisberg@attorneysforconsumers.com]
**Sent:** Monday, August 02, 2010 3:46 PM
**To:** Brightmire, Jon E.
**Cc:** Thrash, Amanda
**Subject:** RE: Bell, Michelle v. Midland Credit Management, Inc.

1