IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELLE BELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO. CIV-10-338-D |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

DEFENDANT'S OBJECTION TO PLAINTIFF'S
APPLICATION FOR ATTORNEY'S FEES AND COSTS

Respectfully submitted,

Jon E. Brightmire, OBA No. 11623
Amanda L. Thrash, OBA No. 21844
DOERNER, SAUNDERS, DANIEL &
  ANDERSON, L.L.P.
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
Phone:  918-591-5258
Fax:  918-925-5258
jbrightmire@dsda.com
athrash@dsda.com

*Attorney for Defendant Midland Credit
Management, Inc.*

September 1, 2010

# TABLE OF CONTENTS

**PAGE**

Introduction ............................................................................................................... 1

Argument .................................................................................................................... 4

    A.   Plaintiff's failure to settle this case for $2,000 prior to the filing of the Complaint, which would have paid her the maximum statutory damages and virtually all of the attorney fees she had incurred when the offer was made, makes much of the attorney fees sought unreasonable................................. 4

    B.   The rates sought by Plaintiff's counsel are unreasonable in this jurisdiction, and should be reduced. ............................................................................................ 7

         1.  Plaintiff does not provide any evidence of what are reasonable rates in this Court's jurisdiction for attorneys and paralegals of similar experience. ............ 7

         2.  Rates found to be reasonable in other cases. .................................................... 11

    C.   Several tasks for which Plaintiff seeks recovery are either not recoverable or the time expended was not reasonable. ................................................................ 15

    D.   Plaintiff should not recover for time spent by a legal assistant............................. 16

    E.   Plaintiff's costs should be limited to her filing fee. ............................................... 16

    F.   The Court may, in its discretion, deduct the filing fee from any award of attorney fees to Plaintiff. ..................................................................................... 16

    G.   Plaintiff's argument concerning Defendant's "vigorous defense resulting in the proliferation of attorney fees and costs" makes no sense................................ 16

Conclusion ................................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*American Fidelity Companies Employee Savings Plan v. Haws*,
2008 WL 974705 (W.D. Okla. April 8, 2008) ...................................................... 12

*Autozone, Inc. v. Catalog.com, Inc.*, 2006 WL 1879151
(W.D. Okla. July 6, 2006) ............................................................... 8, 11, 13, 14, 15

*Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006) ...................................................... 10

*Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997) ................................................. 2, 5

*Lippoldt v. Cole*, 468 F.3d 1204 (10th Cir. 2006) ........................................................ 7, 11

*Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986) ................................... 8

*Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245 (10th Cir. 2005) ....................................... 11

*Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852
(7th Cir. 2009) .................................................................................................... 10

*Utica Mutual Insurance Co. v. Voyles*, 2007 WL 275978 (W.D. Okla. Jan. 25, 2007).... 13

*Uvbo v. Integris Health, Inc.*, 2010 WL 2867963 (W.D. Okla. July 20, 2010) ............... 14

*Valley View Angus Ranch, Inc. v. Duke Energy Field Services, LP*,
2009 WL 2778912 (W.D. Okla. Aug. 28, 2009) ............................................... 12, 13

## State Cases

*Spencer v. Oklahoma Gas & Electric Company*, 2007 OK 76, 171 P.3d 890 ................. 13

## Federal Statutes

15 U.S.C. §1692 .......................................................................................................... 1

15 U.S.C. §1692k(a) ................................................................................................. 2, 4

28 U.S.C. §1746 ......................................................................................................... 10

**INTRODUCTION**

Plaintiff has used a sledgehammer to swat a fly.  Now Plaintiff asks Defendant to reimburse her for the cost of the sledgehammer.  Because Plaintiff is entitled to recover only "reasonable" attorney fees, and a simple flyswatter would have sufficed in this case, any award of attorney fees to Plaintiff should be greatly reduced from the amount sought.

Plaintiff's own submissions demonstrates the unreasonableness of her requested fees.   Plaintiff asserts Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.*  Statutory damages under the FDCPA are limited to $1,000.  As Plaintiff states, on February 26, 2010 (over a month before the Complaint was even filed), Defendant offered Plaintiff $2,000 to settle this case.   Pl. Ex. 18. According to Plaintiff's time records, and utilizing Plaintiff's counsel's requested hourly rates (which Defendant contends are too high for this community), as of February 26, 2010, Plaintiff had $1,094 in attorney fees in the matter.    (Utilizing the rates suggested by Defendant as appropriate in this community for attorneys and paralegals of comparable experience, as of February 26 Plaintiff had "reasonable" attorney fees of $667.50.)  Because statutory damages under the FDCPA are limited to $1,000, and there were no court costs at the time the $2,000 offer was made, Plaintiff could have recovered the maximum statutory damages and her attorneys could have been paid virtually all the time they had in the case at their higher rates.   But Plaintiff turned it down, and one and half months later filed this action.

Shortly before the case was set for a status/scheduling conference, Defendant made an offer of judgment of $1,500, plus costs and reasonable attorney fees.  Plaintiff

accepted the offer.  Now Plaintiff asserts her "reasonable" attorney fees are $4,431.50 and costs are $425.  So the great bulk of the fees requested, and all of the costs, were incurred after Plaintiff turned down a settlement offer which would have made her whole, would have saved Defendant from having to incur attorney fees, and would have saved judicial resources.

Thus, the initial issue is whether any of the attorney fees sought by Plaintiff after February 26, 2010 are "reasonable" and therefore recoverable under 15 U.S.C. §1692k(a).  To decide this issue the Court does not have to write on a blank slate.  The Sixth Circuit, in an FDCPA case, previously addressed the reasonableness of attorney fees generated after a plaintiff turned down, in that case, a $2,000 offer of judgment which would have given the plaintiff all she could have recovered and left several hundred dollars for court costs and attorney fees.   Affirming the district court's decision not to award any attorney fees incurred after the $2,000 offer of judgment was made, the Sixth Circuit held it was unreasonable for the plaintiff's lawyer "to keep his meter running" after the offer of judgment that appeared to make the plaintiff whole, and therefore all fees incurred after that time were unreasonable and therefore not recoverable under the statute.  *Lee v. Thomas & Thomas,* 109 F.3d 302, 305 (6th Cir. 1997).

Courts should be leery of circumstances where attorneys pursue cases not for the benefit of their client, but for the benefit of generating attorney fees.  "[A]ble counsel should aspire to achieve their clients' objectives economically, . . . and counsel should not expect to reap financial rewards for prolonging litigation unnecessarily."  *Id.*, at 307.  The same can be said for bringing cases unnecessarily.

There are many other ways the requested amount of attorney fees is unreasonable.

First, the rates utilized by Plaintiff's attorneys are excessive in this community. Not only does Plaintiff fail to submit any evidence of the reasonable hourly rate for attorneys of similar experience *in this community*, but Plaintiff ignores recent decisions from this Court and other courts in Oklahoma discussing reasonable rates in this market. Those cases demonstrate that the rates requested by Plaintiff's counsel are excessive.

Second, Plaintiff seeks to recover 1.2 hours of paralegal time for a "Motion for Relief of Rule 83.3-C" [sic] the Court ordered Plaintiff to file. This Motion was *copied verbatim* from a similar motion filed a few months earlier by Plaintiff's counsel in a case before Judge Russell. Requesting to be reimbursed 1.2 hours for the clerical task of changing the caption of the case is patently unreasonable.

Third, Plaintiff seeks to recover attorney fees for some tasks which are administrative in nature, and therefore are not recoverable.

Fourth, with respect to costs, Plaintiff seeks to recover $75 for serving process, when the return of service filed with this Court on April 22, 2010 (Dkt. No. 4) affirmatively states the process server fees were "$0". Plaintiff provides no evidence that she paid $75 for service of process.

**ARGUMENT**

**A. Plaintiff's failure to settle this case for $2,000 prior to the filing of the Complaint, which would have paid her the maximum statutory damages and virtually all of the attorney fees she had incurred when the offer was made, makes much of the attorney fees sought unreasonable.**

Under the FDCPA a successful plaintiff is entitled to recover only "the costs of the action, together with a *reasonable* attorney's fee as determined by the court."  15 U.S.C. §1692k(a) (emphasis added).

Plaintiff set forth the settlement history in this case.  As noted in the Introduction, over a month before the Complaint was filed Defendant offered to settle the case for $2,000.   At that time Plaintiff's counsel had very little compensable time in the case; indeed, the complaint was not drafted until over a month later.[1]   Most of the time entries prior to the $2,000 settlement offer by Defendant dealt with attempts at settlement or administrative tasks such as opening files.   In any event, taking the time entries at face value and calculating attorney fees at the rates set forth by Plaintiff, Plaintiff had incurred attorney fees of $1,094 at the time of the $2,000 settlement offer.   (Utilizing the rates suggested by Defendant later in this brief, Plaintiff incurred $667.50 of reasonable attorney fees.)

The maximum statutory damages under the FDCPA are $1,000.  Even assuming Plaintiff were to recover the maximum, if she had accepted the $2,000 settlement offer

---

[1]     *See* Pl. Ex. 31 (time entries on April 12, 2010).

she would have received virtually everything to which she would have been entitled, without any risk of losing.

Now, one can imagine that in some circumstances accepting an offer of judgment that is less than the pre-complaint settlement offer might be justified.   For instance, maybe a plaintiff learns something about her case through discovery that exposes a flaw she did not know about. However, no such circumstances are present here.  No discovery took place. The Complaint and Answer were filed, a Joint Status Report was prepared and filed, and the parties were set for a status conference when the offer of judgment was made and accepted.   Based upon the posture of this case, there was nothing Plaintiff learned about her case that she did not know when she rejected Defendant's $2,000 settlement offer.

*Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997), is instructive on the reasonableness of Plaintiff's attorney fees in light of her rejection of Defendant's pre-Complaint settlement offer which would have made her whole.   In *Lee* a debtor brought suit under the FDCPA.   A few weeks after the lawsuit was served, the defendant's lawyer made a settlement offer of $750, which was rejected.   A few weeks later defendant's lawyer offered $1,250, and hinted he might go as high as $1,750.   The plaintiff's counsel rejected the offer, and stated the plaintiff wanted $4,000.   Then in March 1994 the defendant made an offer of judgment for $2,000.   The Sixth Circuit noted that "[a]s of that time, insofar as the district court's docket sheet discloses, there had been relatively little activity in the case." 109 F.3d at 304.   That offer, too, was rejected, and the litigation proceeded for several months.  Then the defendant made a new

offer of judgment for $1,200 plus attorney fees and costs to be determined by the court. The plaintiff accepted this second offer, and the judgment was entered.

The plaintiff then filed an application for fees and costs totaling $8,279.79.   (By the time the fee application was heard, the total amount sought had risen to $12,759.) The district court determined that, among other things, the plaintiff's counsel's expenditure of time after the March 1994 offer of judgment for $2,000 constituted "economic waste," *id.* at 305, and did not award any attorney fees after that offer was made.   The plaintiff was awarded attorney fees and costs totaling $1,106.85.   *Id.*

On appeal, the Sixth Circuit noted that under the FDCPA a prevailing debtor is entitled only to "reasonable" attorney fees.   *Id.*   The Sixth Circuit then stated:

> If on March 3, 1994, the defendants were offering to confess judgment for everything to which Ms. Lee could reasonably be considered entitled, including an attorney fee that appeared reasonable in light of the circumstances existing at the time, the magistrate judge evidently thought it would be unreasonable for the lawyer to keep his meter running.   We think so too. And if it was unreasonable for [plaintiff's lawyer] to continue performing legal services after March 3, any fee for services rendered after March 3 would clearly be unreasonable.

*Id.* at 305.

The Sixth Circuit found that the amount of statutory damages available to the debtor under the FDCPA was relevant to the analysis.   As in that case, here statutory damages are limited to $1,000.   Thus, at the time the $2,000 settlement offer was made by Defendant in February 2010, Plaintiff could have recovered the entire amount of the possible statutory award, and had $1,000 left over to pay her attorneys.   And, because no Complaint had been filed, there were no costs at that time.

Defendant suggests that the approach taken by the district court in *Lee*, and affirmed by the Sixth Circuit, is appropriate here.   Both Plaintiff and her attorneys would have been made whole had Plaintiff accepted the $2,000 settlement offer on February 26, 2010.   In light of Plaintiff's acceptance of the $1,500 offer of judgment several months after she turned down the $2,000 settlement offer, any time spent by Plaintiff's counsel after turning down the settlement offer simply was not reasonable.   In this regard, the Sixth Circuit appropriately opined:

> Waste is not in the public interest.  The Congress that passed the Fair Debt Collection Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversary's time and the time of the courts as well.  In directing the courts to award "reasonable" fees, on the contrary, Congress undoubtedly wishes to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary – nothing less, and nothing more.

*Id.* at 306-7.

Thus, Defendant contends that all time after February 26, 2010 should be excluded from any award of reasonable attorney fees to Plaintiff.[2]

### B.  The rates sought by Plaintiff's counsel are unreasonable in this jurisdiction, and should be reduced.

#### 1.  Plaintiff does not provide any evidence of what are reasonable rates in this Court's jurisdiction for attorneys and paralegals of similar experience.

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community."  *Lippoldt v. Cole*, 468 F.3d 1204,

---

[2]      Defendant makes the same argument with respect to awarding fees relating to preparing this application.  Defendant offered to pay attorneys fees of $1,200 and costs of $350 prior to the filing of this application.  Plaintiff requested fees and costs totaling $3,155, and rejected Defendant's offer.  *See* Pl. Exs. 23-27.

1224 (10th Cir. 2006) (internal quotation and citation omitted).   A party seeking to recover its fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* (internal quotation and citation omitted).   Plaintiff has the burden of demonstrating the hourly rates requested are reasonable, *see Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (the party requesting fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates"), and Plaintiff failed to carry her burden of demonstrating what is the prevailing market rate *in Oklahoma* for attorneys of comparable skill and experience.

Plaintiff first cites several cases on page 12 of her Brief to try to justify her counsel's hourly rates.   These cases – from jurisdictions in the Sixth Circuit, Seventh Circuit, New York, Minnesota, and Louisiana – are of no moment.   None discuss prevailing market rates in Oklahoma.  *See Autozone, Inc. v. Catalog.com, Inc.*, 2006 WL 1879151 *2 (W.D. Okla. July 6, 2006) (rejecting hourly rates ranging from $460 an hour to $285 an hour sought by Washington, D.C. attorneys because those rates are "substantially higher than local rates.").  *Likewise*, the *Laffey* Matrix to which Plaintiff refers offers no help, as it examined hourly rates of attorneys in the Washington, D.C.-Baltimore area.  *See* http://www.laffeymatrix.com (last visited August 31, 2010).

Plaintiff also cites a 2007 Consumer Law Attorney Fee Survey.    First of all, the survey is inadmissible.   Second, Plaintiff states at page 13 of her Brief: "Page 7 of the attached survey shows that the average billing rate for firms with more than 5 attorneys in Oklahoma is $225."    Well, not exactly.  For purposes of the survey, Oklahoma was

grouped with firms from Alabama, Arkansas, Georgia, Kentucky, Louisiana, Mississippi, South Carolina, and Tennessee.  Evidence of hourly rates in those states is not relevant to establish rates in this Court.  Third, there is nothing in the survey which indicates any Oklahoma practitioners even participated in it.   Finally, the survey itself recognizes its limitations and suggests its use is of little value to the Court here when it states: "[T]he information presented here is for informational purposes only and may or may not be indicative of a particular attorney's reasonable hourly rate without further, more detailed analysis of the available and other data."   Pl. Ex. 34, p. 4.

Next, Plaintiff turns to the "affidavits" of "numerous consumer protection attorneys" to support the hourly rates of her attorneys.  Plaintiff's Brief at 15.   Plaintiff offers two such affidavits.   Plaintiff's Exhibit 35.   However, neither affidavit is helpful to this Court's analysis:

- The first affidavit is from Greg Thor Kimmel.  Mr. Kimmel is apparently from Pennsylvania, and is admitted to practice in Pennsylvania, New York, and Massachusetts.  Mr. Kimmel makes no claim to have any knowledge of the hourly rates charged by attorneys in Oklahoma, or otherwise have knowledge of the prevailing local market rates.  Moreover, Mr. Kimmel does not give any opinion as to whether the rates sought by Plaintiff in this case are reasonable.

- The second affidavit is from Larry P. Smith.   Mr. Smith is presumably from Illinois, and states he practices in several courts – but not in Oklahoma.  While Mr. Smith addresses hourly rates, he does not give a

single example of an Oklahoma attorney with experience comparable to Plaintiff's attorneys who has been awarded attorney fees at the rates Plaintiff seeks.

Moreover, neither affidavit is notarized, and neither affidavit is executed under penalty of perjury as required by 28 U.S.C. §1746, and therefore they are inadmissible. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006).

Finally, Plaintiff claims that the experience of her attorneys provides support for the hourly rates requested, citing Pl. Ex. 32 (Attorney Profiles) and Pl. Ex. 33 (Affidavits of Alex Weisberg and Marshall Meyers). From the exhibits Plaintiff has submitted, it appears that Mr. Weisberg has been licensed to practice law since May 2000, or for about nine years when he undertook representing Plaintiff in this case. There is nothing in Mr. Meyers' Attorney Profile or Affidavit which states how long he has been practicing law. It appears from Exhibit 32 that Joshua Trigsted has been practicing law since 2006, or for roughly three years at the time the representation began. Defendant could not find anything in the exhibits concerning the experience of the four paralegals who worked on this case, although Plaintiff seeks to recover for their time at rates of $120 and $150 an hour.

It should be noted that there was nothing complicated about the claim in this case. *See, e.g., Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) (in affirming the reduction of the hourly rates and hours billed in a plaintiff's attorney fee application following the acceptance of an offer of judgment in an FDCPA action, the Court cited the district court's observation that "this was an

- 10 -

uncomplicated, low-stakes case that settled within three months of filing and without discovery."). Plaintiff's claim as set forth in the Joint Status Report was a garden variety claim under the FDCPA that Plaintiff did not owe the debt about which Defendant was calling (she claimed the debt was her ex-husband's), and Defendant called her too much. Plaintiff did not offer any evidence that her counsel had unique expertise that could not be found in Oklahoma, forcing her to use out-of-state counsel and justifying the higher rates.   *See, e.g., Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) (hourly rates in excess of prevailing local rates for similar services should not be applied in absence of clear showing that the matter could not reasonably be handled by local counsel); *Autozone*, 2006 WL 1879151 at *1.

Plaintiff has wholly failed to demonstrate her counsels' hourly rates are reasonable in this community.   Plaintiff has not provided this Court with any evidence of the prevailing market rate in this community for attorneys and paralegals of similar experience and expertise.   Therefore, Plaintiff's request for attorney fees at the hourly rates requested should be denied.

## 2.    Rates found to be reasonable in other cases.

When a party fails to offer evidence of reasonable rates in the relevant market, the Tenth Circuit has stated that the Court can turn to its own knowledge and experience with such rates. *See Lippoldt*, 486 F.3d at 1224.   Therefore, it is instructive to look at recent cases where an hourly rate has been approved by this Court and other courts in Oklahoma as reasonable in this community.

*American Fidelity Companies Employee Savings Plan v. Haws*, 2008 WL 974705 (W.D. Okla. April 8, 2008), was an ERISA action in which the plaintiffs were represented by Drew D. Webb, Mark D. Folger, and Mark D. Spencer of McAfee & Taft. Judge Miles-LaGrange stated: "The Court further finds that the hourly rates charged by Plaintiff's counsel, $220 to $240 per hour, are reasonable based upon the rates charged by other attorneys in Oklahoma for the same or similar legal services." *Id.* at *3. While it is not clear from the Order which attorneys did the work for which rates of $240.00 and $220.00 were approved, it is worth noting that at the time the order was entered Mr. Webb had been a member of the bar since 1985 and Mr. Spencer had been a member of the bar since 1987, so both had been in practice over twenty years at the time the order was entered. *See* http://www.Mcafeetaft.com/attorneysstaff/default.aspx (last visited August 30, 2010). Both attorneys are listed on McAfee & Taft's website as members of that firm's employment practice group. *Id.*

In *Valley View Angus Ranch, Inc. v. Duke Energy Field Services, LP*, 2009 WL 2778912 (W.D. Okla. Aug. 28, 2009), a case before this Court, plaintiff's lawyers were awarded attorney fees based on hourly rates of $250 for Kenneth Johnston, $170 for Wes Johnston, and $125 for John Graves. The defendant did not challenge the reasonableness of those hourly rates, agreeing that the rates were commensurate with prevailing rates charged in the community in similar cases. This Court added that "[b]ased on its knowledge and familiarity with hourly rates in this community, the Court agrees that the rates charged are fair and reasonable for the work performed in this case." *Id.* at *2. Kenneth Johnston has been a member of the bar since 1974, and Wes Johnston has been a

member       of       the       bar       since       1989.       *See*

http://www.lawyers.com/Oklahoma/Chickasha/Johnston-and-Associates-1476575-f.html/

(last visited August 30, 2010). John Graves received his law degree in 2003. *See*

http://okbankruptcylaw.com/about/ (last visited August 30, 2010).

In *Valley View,* this Court cited *Spencer v. Oklahoma Gas & Electric Company*,

2007 OK 76, 171 P.3d 890. In Spencer the plaintiff sought to recover attorney fees for

her attorney, Jerry Colclazier. Mr. Colclazier testified he had been practicing law for

approximately 17 years, and charged rates of $180 an hour for out-of-court time and $250

an hour for in-court time, which he believed to be appropriate and reasonable for other

attorneys in the Seminole area. *Id.* at 894.  The Oklahoma Supreme Court approved an

hourly rate of $150 for Mr. Colclazier.  *Id.* at 897.

In *Utica Mutual Insurance Co. v. Voyles*, 2007 WL 275978 (W.D. Okla. Jan. 25,

2007), the defendants filed a motion for attorney fees against the plaintiff insurance

company, which had filed a declaratory judgment action seeking a declaration that it had

no obligation to defend or indemnify the defendants. The Court awarded attorney fees

based on hourly rates of $185 for R. Todd Goolsby and $125 per hour for John H.

Schneider. Judge Cauthron stated that "[t]he hourly rates charged are reasonable for the

same or similar legal services provided in Oklahoma City, Oklahoma." *Id.* at *3.

According to his firm's website, Mr. Goolsby received his JD in 1988, 22 years ago. *See*

http://www.gphglaw.com/attorneys.html (last visited August 30, 2010).

In *Autozone, Inc. v. Catalog.com, Inc.*, 2006 WL 1879151 (W.D. Okla. July 6,

2006), the plaintiffs filed an application for an award of attorney fees seeking hourly rates

ranging from $460 an hour to $285 an hour. Judge Friot stated that "plaintiff's application does state that the hourly rates sought are reasonable but fails to demonstrate why those rates, which are substantially higher than local rates, should be applied here." *Id*. at *2 (emphasis the Court's). Judge Friot simply denied the application. *Id.*

With respect to hourly rates for paralegals, a few months ago Judge Heaton rejected a requested rate of $150 per hour, and concluded that "based on its general familiarity with fees charged in the area, that charges for paralegal time should be limited to $100 per hour." *Uvbo v. Integris Health, Inc.*, 2010 WL 2867963 *2, n. 5 (W.D. Okla. July 20, 2010). In the absence of any evidence from Plaintiff to support paralegal rates of $150 and $120, $100 an hour is the maximum rate this Court should use for paralegal time.

One result of Plaintiff's failure to offer evidence of the prevailing local rate and attempt to recover an attorney fee at rates far in excess of those which are reasonable in this community is a denial of Plaintiff's application, as Judge Friot did in *Autozone*. However, if the Court grants the application, consistent with the rates awarded in the above cases the Court should calculate attorney fees based on rates no greater than $150 an hour for Weisberg, who has been practicing for ten years;[3] $125 an hour for Trigsted, who has been practicing for 3 years;[4] and $100 an hour for paralegal time. It's anyone's

---

[3]     The $150 rate compares to the $150 rate granted to Jerry Colclazier, a 17 year attorney, and the $170 granted to Wes Johnston, a 21 year attorney.

[4]     The $125 rate is the rate granted to John Graves, an attorney for six years.

guess as to what is reasonable for Meyers, since we don't know if he has been practicing law for two years or 20 years.

### C. Several tasks for which Plaintiff seeks recovery are either not recoverable or the time expended was not reasonable.

Plaintiff seeks to recover for several tasks which are administrative in nature for which no recovery should be allowed.  *See Autozone,* 2006 WL 1879151 at *2 n.1 (recovery not allowed for what is essentially clerical work).  In particular, the two entries on January 8, 2010 to "open files" appear to be clerical in nature.

In addition, the time listed in the June 17, 2010 entry "prepare response to order to show cause re local counsel issue, first research local rules and forms" by Kimberly Larson is clearly unreasonable.    Ms. Larson listed 1.20 hours.    The response to which she refers was Plaintiff's Motion for Relief of Rule 83.3-C [sic] filed June 17, 2010 [Dkt. No. 10].  (The Motion was filed in response to this Court's Order entered June 9, 2010, requesting Plaintiff's counsel to show cause for his failure to comply with the local rules requiring an entry of appearance and the association of non-resident attorneys with local counsel.  *See* Dkt. No. 9.)    The motion for which Ms. Larson billed 1.2 hours was an *exact duplicate* of a motion filed by Mr. Weisberg three months earlier in a case in front of Judge Russell styled *Dana Hicks v. KZRV, LT*, Case No. 5:10-CV-280-R.   (For comparison purposes, the Rule 83.3(c) motion filed in this case is attached at Exhibit 1, and the Rule 83.3(c) motion filed in *Hicks* is attached at Exhibit 2.)   The only time

expended should have been clerical time to change the caption on the document. [5]

### D. Plaintiff should not recover for time spent by a legal assistant.

While not a big deal (.4 hours), Plaintiff seeks to recover time spent by John Worthy, a "Legal Assistant."    Secretarial time is not recoverable.

### E. Plaintiff's costs should be limited to her filing fee.

While also not a big deal, in addition to the filing fee Plaintiff seeks to recover $75 for "fees for service of summons and subpoena."    The return of service filed by Plaintiff shows "0" dollars was spent on service of process.    *See* Dkt. No. 4 (page 2).

### F. The Court may, in its discretion, deduct the filing fee from any award of attorney fees to Plaintiff.

Plaintiff is entitled to recover her costs, and the filing fee is an appropriate cost. Defendant has not found any authority for not awarding proper costs even though the costs could have been avoided had Plaintiff accepted the $2,000 settlement offer which would have made her whole and avoided incurring costs.

However, the Court may in its discretion deduct the filing fee from any award of attorney fees to Plaintiff.

### G. Plaintiff's argument concerning Defendant's "vigorous defense resulting in the proliferation of attorney fees and costs" makes no sense.

Plaintiff spends nearly a page and a half of her brief trying to justify her fee request by blaming Defendants "vigorous defense."    Defendant is not sure what this is all about.   Hardly anything happened in this case.

---

[5]    Defendant is not sure why it should reimburse Plaintiff for this motion anyway, as it was for her counsel's convenience and, as the Court explained in its order granting the motion, it did not comply with the local rules in several ways.  *See* June 24, 2010 Order [Dkt. No. 11].

Defendant's counsel would take offense with Plaintiff's use of terms like "militant resistance" and "causing delays in the litigation process," but (1) Plaintiff does not point to any examples, and the record certainly does not support such accusations,[6] and (2) more than likely that section of Plaintiff's Brief was copied nondiscriminately from some other brief, and doesn't have anything to do with this case.

## CONCLUSION

There are several alternatives available for the Court, including denial of the application.

If the application is not denied, Defendant requests that Plaintiff's recovery for attorney fees be limited to the time spent on or before February 26, 2010 (with the exception of the administrative tasks performed on January 8, 2010) at rates of $150 an hour for Mr. Weisberg, $125 an hour for Mr. Meyers and Mr. Trigsted, and $100 an hour for paralegals.  This would result in an award of $427.50.

If the Court does award attorney fees for work performed beyond February 26, 2010, Defendant requests that the Court utilize the above rates, as well as the rate of $75 an hour for Mr. Zelnick (the law clerk); delete the June 17, 2010 entry relating  to the preparation of the Rule 83.3(c) motion; and delete the August 6 and 9 entries relating to the preparation of the attorney fee application because, prior to filing this application, Defendant offered to settle Plaintiff's fees and costs for $1,550, while Plaintiff stood on $3,155 (*see* Pl. Exs. 23-27).  This would result in an award of $1,612.50.

---

[6]    The docket will reflect that Defendant made all filings timely, and did not seek any extensions.

And, if the Court does allow the August 6 and 9 entries, the award of attorney fees should not exceed $2,197.50, again utilizing the rates suggested by Defendant.

Finally, Defendant requests costs be limited to $350, and that the Court exercise its discretion and offset the amount of costs against the attorney fee award.

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By:  /s/ Jon E. Brightmire
Jon E. Brightmire, OBA No. 11623
Amanda L. Thrash, OBA No. 21844
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
Phone:  918-591-5258
Fax:  918-925-5258
jbrightmire@dsda.com
athrash@dsda.com

*Attorney for Defendant Midland Credit
Management, Inc.*

## <u>Certificate of Service</u>

I hereby certify that on September 1, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

AWeisberg@AttorneysForConsumers.com

s/Jon E. Brightmire
Jon E. Brightmire