IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELLE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:10-cv-00338-D |
| | ) | |
| vs. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, MICHELLE BELL ("Plaintiff"), by and through her Attorneys, WEISBERG & MEYERS, LLC, hereby submits her Reply to the Objection to Plaintiff's Petition for Attorney's Fees and Costs filed by Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"). In support thereof, Plaintiff states as follows:

**I.   INTRODUCTION.**

Plaintiff is entitled to attorney's fees in the amount of $4,251.50 and costs in the amount of $425.00. Plaintiff was justified in rejecting Defendant's $2,000 settlement offer on February 26, 2010 and filing a complaint against Defendant for statutory damages, actual damages, and attorney's fees. Plaintiff withdraws her request for 1.2 hours of paralegal time incurred on June 17, 2010, but is entitled to recover $75 for serving process on Defendant. Finally, the Laffey Matrix and 2007 Consumer Law Attorney Fee Survey are reliable tools for evaluating the attorney's fees sought by Plaintiff.

1

## II. PLAINTIFF WAS JUSTIFIED IN PURSUING HER CASE BEYOND FEBRUARY 26, 2010 BECAUSE DEFENDANT'S $2,000.00 SETTLEMENT OFFER WAS INADEQUATE.

Defendant argues that Plaintiff and her attorneys would have been made whole had Plaintiff accepted the $2000 settlement offer made by Defendant to Plaintiff on February 26, 2010. According to Defendant, on February 26, 2010 Plaintiff was only entitled to recover $1,000 in statutory damages in addition to attorney's fees ranging from $667.50 to $1,094. Defendant asserts that $2,000 would have easily covered Plaintiff's damages and fees incurred up to that point.  Defendant's assertion is incorrect.

Defendant's Brief fails to mention that Plaintiff sought to recover actual damages as well as statutory damages.  This is evidenced by the fact that Defendant's offer of judgment provided Plaintiff with $1,500, where maximum statutory damages under the FDCPA amount to no more than $1,000.  Defendant incorrectly states that at the time of Defendant's $2,000 settlement offer, Plaintiff could have recovered the entire amount of her damages and had $1,000 left over to pay her attorneys.  According to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a Plaintiff is entitled to recover: actual damages, statutory damages not exceeding $1,000, and attorney's fees reasonable in relation to the work expended and costs.   15 U.S.C. § 1692k(a).  Defendant's $2,000 settlement offer did not take Plaintiff's actual damages into account.

Defendant erroneously claims that at the time of it's the $2,000.00 settlement offer, Plaintiff had incurred a maximum of $1,094 in attorney's fees.  On February 26, 2010, Plaintiff sought attorney's fees in the amount of $1,182.50 for 5.6 hours of attorney, paralegal, and legal assistant time at hourly rates ranging from $80 per hour to $295 per hour. (Document 18-31).  Specifically, Plaintiff had incurred the following attorney's fees

on February 26, 2010:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Alex Weisberg (2010)[1] | 1.0 | $295.00 | $295.00 |
| Alex Weisberg (2009) | 1.0 | $265.00 | $265.00 |
| Marshall Meyers | .8 | $295.00 | $236.00 |
| Joshua Trigsted | 1.1 | $175.00 | $192.50 |
| Kimberly Larson, Paralegal | .2 | $150.00 | $30.00 |
| Jessica DeCandia, Paralegal | 1.1 | $120.00 | $132.00 |
| Jon Worthy | .4 | $80.00 | $32.00 |

Taking into account Plaintiff's damages plus reasonable attorney's fees incurred on February 26, 2010, a settlement offer of $2,000 would not have made Plaintiff whole. At the time of Plaintiff's settlement offer, Plaintiff had sustained damages in the amount of $1,500 (Document 18-30), and had incurred $1,182.50 in attorney's fees (Document 18-31), for a total of $2,682.50. On February 25, 2010, Defendant offered to settle this case for $1,500 inclusive of all attorney's fees and costs. (Document 18-16). Plaintiff made a counter demand of $2,900 in an e-mail dated February 26, 2010. (Document 18-17). Defendant replied with a $2,000 settlement offer inclusive of attorney's fees and costs. (Document 18-18). Neither of Defendant's settlement offers represented the damages and fees incurred by Plaintiff. In response to Defendant's inadequate settlement offer, Plaintiff appropriately pursued her case against Defendant.

---

[1] Over the course of this year long action, Plaintiff's attorneys' rates were increased slightly on January 1, 2010, as is customary and reasonable in the industry

3

**III. CASE LAW CITED IN DEFENDANT'S BRIEF CANNOT BE APPLIED TO THE INSTANT CASE.**

In an effort to cast doubt upon the reasonableness of the attorney's fees sought by Plaintiff in her Petition for Attorney's Fees and Costs, Defendant cites a decision by the 6th circuit in *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997). In *Lee,* a Plaintiff who brought a suit under the FDCPA accepted an offer of judgment in the amount of $1,200 plus attorney's fees and costs after Defendant made an offer of judgment for $2,000. *Id.* at 305. The Plaintiff then filed an application for attorney's fees and costs with the district Court. *Id.* The Court entered an attorney fee award in favor of Plaintiff that that excluded fees for work performed after the Defendant made an offer to confess judgment. *Id.*

This Court cannot rely on *Lee* in evaluating the case at bar because facts and circumstances that influenced the Court's decision in *Lee* are different from those in this case. Most significantly, the 6th circuit in *Lee* concluded that the hours expended by Plaintiff's attorney after Defendant's offer of judgment were not reasonably expended and that the inclusion of those hours in the fee calculation would give the attorney a windfall. *Id.* at 307. This conclusion was based on the fact that after Plaintiff rejected Defendant's initial offer of judgment, litigation went on for several more months, during which "the parties filed additional pleadings and briefs of various kinds. *Id.* at 304-305. In June 1994, 3 months after defendant's initial offer of judgment, the court finally entered a judgment in favor of Plaintiff. *Id.* at 305. In this case, on the other hand, the Court entered a judgment in favor of Plaintiff only 2 days after Defendant's initial offer of judgment. (Document 18-23; Document 18-30). Plaintiff's attorneys did not needlessly keep their meter running nor did they attempt to create economic waste. Rather, Plaintiff's attorneys billed a total of .7

4

hours from the time of Defendant's initial offer of judgment to the time when this court entered a judgment in favor of Plaintiff. (Document 18-31). Within 2 weeks of the entry of judgment, Plaintiff's attorneys spent 6.3 hours preparing Plaintiff's Petition for Attorney's Fees and Costs. (Document 18-31). In total, only a quarter of the attorney's fees sought by Plaintiff accrued after Defendant's initial offer of judgment, none of which were unreasonable.

Defendant's brief also fails to mention a major contextual difference between this case and *Lee*. Defendant in this case argues that all of the attorney's fees accrued after Defendant's February 26, 2010 settlement offer were unreasonable. However, the 6th circuit's reasoning in *Lee* was based on the premise that the attorney's fees accrued by Plaintiff subsequent to Defendant's initial offer of judgment were unreasonable. The Court in *Lee* concluded that it was unreasonable to award Plaintiff excessive attorney's fees after the parties had already commenced litigation and Defendant made an offer of judgment that appeared to compensate Plaintiff adequately. Here, the Defendant argues that Plaintiff should have simply accepted Defendant's settlement offer before litigation had even commenced and the parties had an opportunity to present their case before this court. On February 26, 2010, it was entirely appropriate for Plaintiff to reject Defendants offer and proceed with litigation by filing a Complaint against Defendant and ultimately seeking an entry of judgment against Defendant as well as reasonable attorney's fees and costs.

Finally, Defendant uses the 6th circuit's decision in *Lee* to imply that Plaintiff was not entitled to actual damages. In *Lee,* the 6th circuit agreed with the district Court's conclusion that Defendant's initial offer of judgment would have allowed Plaintiff, who did not suffer actual damages, to recover maximum statutory damages in addition to reasonable attorney's

fees. *Id.* at 302. The Court's analysis in *Lee* was based in part on the fact that Plaintiff's complaint sought a maximum of $1000 in statutory damages plus reasonable attorney's fees but failed to assert actual damages. *Id.* at 304. The Plaintiff in this case did in fact request actual damages in her complaint. (Document 18-1). In addition, the magistrate judge who issued the attorney fee award in *Lee* found that the Plaintiff had suffered no actual damages. *Id.* at 302. The Court in this case reached no such conclusion. This Court's entry of judgment does not explicitly deny Plaintiff actual damages. (Document 18-30). Based on her request for actual damages, in addition to this court's implicit approval of actual damages in this case, it was reasonable for Plaintiff to take her actual damages into account when assessing any offer of judgment or settlement offer made by Defendant.

### IV. PLAINTIFF WITHDRAWS HER REQUEST FOR 1.2 HOURS OF PARALEGAL TIME INCURRED ON JUNE 17, 2010.

Plaintiff's Fee Petition requests fees for 1.2 hours of paralegal time incurred on June 17, 2010. (Document 18-31). Plaintiff withdraws its request for the fees created by this time entry because Plaintiff's counsel had the burden to properly delineate the time spent working on this case. In this instance, Plaintiff's counsel failed to meet this burden. The description provided by Plaintiff's Statement of Services for work completed by Plaintiff's paralegal on June 17, 2010, is inadequate.

Notwithstanding the fact that Plaintiff has withdrawn its request for 1.2 hours of paralegal time, the time billed by Plaintiff was accurate but should have been better stated to reflect all that occurred. On June 17, Kimberly Larson did the following: read and review order to show cause re local counsel requirement (.1) discuss w/partner on file (.1); review prior case of ours in which we dealt with this issue for form, procedure, re-

6

reviewed/researched local rules to confirm procedure and avoid minor issue that occurred in that file (.5); review old form motion, revise for motion in this case (.2); file same (.2); save filed copy (.1).  In addition, it is worth noting that the time entry withdrawn by Plaintiff relates to work done by a paralegal, not by a lawyer and that there was no duplicative billing for this event.

Based on Plaintiff's withdrawal of 1.2 hours of Paralegal time, Plaintiff now seeks attorney's fees in the amount of $4,251.50 for 20.6 hours of attorney, law clerk, paralegal, and legal assistant time.

**V.     PLAINTIFF IS ENTITLED TO RECOVER $75 FOR SERVING PROCESS ON DEFENDANT.**

Plaintiff's Petition for Attorney's Fees and Costs requested $425 in recoverable litigation costs incurred in relation to this matter.  This included a $75 Process Service Fee.  Defendant claims that Plaintiff incurred no fees for service of process.  However, according to an invoice sent by "Pronto Process" to Plaintiff's Attorney, Alex Weisberg, Mr. Weisberg did in fact pay a Process Service Fee in the amount of $75 on May 12, 2010.  (See Exhibit 1: Invoice).  Based on this information, Plaintiff in entitled to $425 in litigation costs, including a $75 Process Service Fee.

**VI.    THE LAFFEY MATRIX CAN BE USED TO ASSESS THE ATTORNEY'S FEES SOUGHT BY PLAINTIFF IN THIS CASE.**

In her Petition for Attorney's Fees and Costs, Plaintiff cites the U.S. Attorney's "Laffey Matrix" to substantiate the hourly rates sought by Plaintiff's Attorneys.  Defendant contends that the Laffey Matrix offers no help in this case because it only examines the hourly rates of attorneys in the Washington, D.C.- Baltimore area.

The Laffey Matrix is not the be-all end-all of a discussion of attorney's fees, rather

7

it is simply a marker by which the Court may measure the reasonableness of the requested attorney's fees. While it is *directly* applicable to Washington DC and Baltimore area rates, some Courts in other jurisdictions have adopted an adjusted Laffey Matrix, reflecting the cost of living in the applicable area. The Laffey Matrix website explains that the Third and Fourth Circuits, along with some California and North Carolina District Courts have adopted an adjusted Laffey Matrix method:

> The Third Circuit Court of Federal Appeals adopted the Adjusted Laffey Matrix. *Interfaith Community Organization v. Honeywell International, Inc.,* 426 F.3d 694 (3rd Cir. 2005). ("In updating the matrix to account for inflation from 1989-2003, ICO relied on the legal services component of the nationwide Consumer Price Index ("the Legal Services Index"), a measure of inflation in the cost of legal services maintained by the Bureau of Labor Statistics"). The Court of Appeals noted that the District Court "reviewed both indices [the DOJ Matrix and the Adjusted Laffey Matrix] and decided that [the Adjusted Laffey Matrix] represented a better measure of prevailing rates in Washington, DC. In so doing, it relied on a decision by the District Court for the District of Columbia, *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C.2000), which compared the U.S. Attorney's Laffey Matrix with a matrix similar to that put forward by ICO in this case and concluded that the latter method was superior. Salazar is one of the few decisions approving the use of this approach, and it is, according to ICO, the only decision (prior to the District Court decision in this case) comparing the two approaches."
>
> The Fourth Circuit has implicitly supported the use of the legal services component of the CPI, rather than the general CPI itself, for determining attorney's fees under 28 U.S.C. § 2412(b). *See Sullivan v. Sullivan,* 958 F.2d 574, 577 & n.8 (4th Cir. 1992). The US District Court for the District of North Carolina has adopted the Adjusted Laffey Matrix as well. *North Carolina Alliance for Transportation Reform, Inc. v. United States Department of Transportation*, 168 F. Supp. 2d 569 (D.NC 2001) ("Plaintiffs adjust the matrix's billing rates by applying the annual inflationary factor for legal services as reported in the United States Department of Labor's Consumer Price Index ("CPI")").
>
> Some California Federal courts have accepted the same methodology, adjusting the Laffey Matrix upwards based upon the higher costs of living in Los Angeles and other California cities. *In Re HPL Technologies, Inc. Securities Litigation*, 366 F.Supp.2d 912, 921 (N. Dist. Cal. 2005).

See http://www.laffeymatrix.com/caselaw.html.

The Laffey Matrix simply presents support for the reasonableness of the Plaintiff's attorney's fees. It is within the court's discretion to adjust the Laffey Matrix to fit the locality of the case at hand.

## VII. THE RATES SOUGHT BY PLAINTIFF'S ATTORNEYS ARE REASONABLE IN THIS JURISDICTION.

Defendant's brief argues that attorney's fees sought by Plaintiff are unreasonable in this jurisdiction. The attorneys fees sought by Plaintiff in this jurisdiction are reasonable.

Courts in the State of Oklahoma as well as the 10th circuit have consistently applied the lodestar calculation to decide fee awards in FDCPA cases. *Anchondo v. Anderson, Crenshaw & Associates,* 2010 WL 3261155 (10th Cir. August 16, 2010). The lodestar calculation is "the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This lodestar calculation which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances. *Perdue v. Kenny*, 130 S.Ct. 1662 (2010). Plaintiff's seeking attorney's fees must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community. *Lippoldt v. Cole,* 468 F.3d 1204 (10th Cir. 2006).

Plaintiff's Petition for Attorney's Fees and Costs contains sufficient support for her contention that the rates sought by her attorneys are comparable to the prevailing market rates for similar services by lawyers of reasonable comparable skill, experience,

and reputation in this community. Notably, Plaintiff's Fee Petition contains a 2007 Consumer Law Attorney Fee Survey which was conducted by consumer advocates to determine the rates charged by attorneys practicing in the area of consumer protection. (Document 18-34). This consumer fee survey demonstrates that the average billing rate for firms with more than 5 attorneys in Oklahoma is $225 per hour. (Document 18-34). Defendant argues that this Consumer Fee Survey is inadmissible, but fails to state why. Defendant also argues that the survey is unreliable because Oklahoma was grouped with firms in Alabama, Arkansas, Georgia, Kentucky, Louisiana, Mississippi, South Carolina, and Tennessee for purposes of the survey and there is no evidence that Oklahoma practitioners participated in it. All of the states that are cited in the survey participated in the survey. Only 5 states did not participate in the survey and those states are not cited in the survey.

Finally, Defendant argues that it should not be required to pay fees incurred by Plaintiff's legal assistants. However, the phrase "attorneys fees" when used in Oklahoma statutory law or case law providing for award of costs to prevailing party, includes fees for services performed by legal assistants or paralegals. *Taylor v. Chubb Group of Ins. Companies*, 874 P.2d 806 (Okl. 1994). The legal assistant who worked on in this case performed tasks that were necessary to the representation of Plaintiff and should be included in Plaintiff's attorney fee calculation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff, and her counsel, attorney's fees in the amount of $4,251.50 and costs in the amount of $425.00.

Respectfully submitted this 8th day of September, 2010.

> s/ Alex D. Weisberg
> Alex D. Weisberg
> FBN: 0566551
> Attorney for Plaintiff
> WEISBERG & MEYERS, LLC
> 5722 South Flamingo Road, Ste. 656
> Cooper City, FL 33330
> Telephone: (954) 212-2184
> Fax: (866) 577-0963
> AWeisberg@AttorneysForConsumers.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: Jon E. Brightmire jbrightmire@dsda.com; Amanda Thrash athrash@dsda.com.

> s/ Alex D. Weisberg
> Alex D. Weisberg