IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHELLE BELL,                          )
                                        )
                Plaintiff,              )
                                        )
vs.                                     )   Case No. CIV-10-338-D
                                        )
MIDLAND CREDIT MANAGEMENT, INC.,        )
                                        )
                Defendants.             )

**<u>ORDER</u>**

This matter comes before the Court upon Plaintiff's Petition for Attorney's Fees [Doc.

No. 18].[1]  Plaintiff seeks an award of attorney's fees in the amount of $4,251.50 as the prevailing

party in this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.[2]

Defendant has timely objected to Plaintiff's motion, challenging the reasonableness of the amount

sought.  Plaintiff has filed a reply brief, and the motion is now at issue.

Plaintiff is represented by a Florida law firm, Weisberg & Meyers, LLC, with an established

practice in consumer protection litigation and experience in prosecuting FDCPA claims.  Plaintiff's

attorney of record, Alexander Weisberg, has ten years of experience in this area of law, even though

he is new to this judicial district.[3]  Before filing suit, another partner in the firm, Marshall Meyers,

gave Defendant written notice on January 7, 2010, of Plaintiff's claim of alleged FDCPA violations.

---

[1]  Plaintiff also requests court costs of $425.00, but she filed a separate bill of costs concerning these items, which were taxed as costs by the Clerk of Court on October 5, 2010 [Doc. No. 23].  Therefore, this aspect of Plaintiff's motion is now moot.

[2]  Plaintiff initially requested $4,431.50 but later reduced the amount to withdraw a 1.2-hour time entry related to obtaining relief from the Local Civil Rules.  *See* Pl.'s Reply Br. [Doc. No. 22] at 6-7.

[3]  Court records show that, when Plaintiff's case was filed, Mr. Weisberg had appeared as an attorney of record in only one other case in this district.  He subsequently filed eight more cases in 2010.

Mr. Meyers subsequently corresponded with Defendant by letter and through e-mail messages in an effort to reach a compromise and settlement.  Plaintiff, through counsel, rejected Defendant's final offer of $2,000 to settle the claim without litigation on February 26, 2010.

Plaintiff filed her Complaint on April 2, 2010, seeking declaratory relief, actual and statutory damages, attorney's fees, and costs for alleged FDCPA violations committed by Defendant in attempting to collect a debt of Plaintiff's ex-husband and using abusive tactics.  Defendant answered the Complaint on May 7, 2010.  After Mr. Weisberg obtained relief from the requirement of local counsel under LCvR83.3, a scheduling conference was set for August 5, 2010.  Plaintiff timely filed the parties' Joint Status Report and Discovery Plan on July 29, 2010.  Settlement discussions continued during the pendency of the case, and on August 4, 2010, Defendant made and Plaintiff accepted an offer of judgment "in the amount of $1,500.00 plus accrued statutory costs and reasonable attorneys fees to date, as determined by the Court."  *See* Offer of Judgment [Doc. No. 16].  Judgment was entered accordingly on August 4, 2010.  *See* Judgment [Doc. No. 17]. Plaintiff timely filed her motion on August 18, 2010, seeking the Court's determination of a reasonable award of attorney's fees, to which she is entitled under the FDCPA.  *See* 15 U.S.C. § 1692k(a)(3).

The Supreme Court recently confirmed that, under federal fee-shifting statutes, "there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010).  "The lodestar, of course, is the 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S.

424, 433 (1983)).  The Tenth Circuit recognized in *Anchondo* that the presumptive reasonableness of the lodestar announced in *Perdue* applies to FDCPA awards under § 1692k(a).  *See id*. at 1103-04.

Without citing *Perdue* or *Anchondo*, Defendant argues that Plaintiff should not recover any attorney's fees incurred after February 26, 2010, when she rejected a pre-litigation settlement offer that would have afforded her the maximum amount of statutory damages ($1,000) and substantially all of the attorneys' fees incurred as of that date.  Defendant relies on *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997), for the proposition that it was unreasonable for Plaintiff's attorneys to continue performing legal services – and thus it would be unreasonable to compensate them for such services – after Defendant offered to pay the full amount to which Plaintiff and her attorneys were reasonably entitled.  The Court rejects this argument.  Regardless of whether *Lee* is consistent with *Perdue* and *Anchondo*, the facts of this case are distinguishable.  Through litigation, Plaintiff recovered an award of damages in excess of the statutory amount.  Also, unlike *Lee*, Plaintiff's attorneys filed suit and obtained a confession of judgment after informal discussions failed.  Under these circumstances, the Court cannot say that compensating Plaintiff's counsel for their litigation work would be "to reward lawyers for doing nonproductive work and wasting their adversary's time and the time of the courts as well."  *See Lee*, 109 F.3d at 306-07.

The question remains whether Plaintiff seeks an appropriate lodestar amount.  Defendant objects both to the hourly rates claimed by Plaintiff's attorneys and their staff, and to certain time entries that allegedly reflect clerical tasks rather than compensable legal work.  The Court addresses each of these issues in turn.

As to hourly rates, Plaintiff concedes that the proper rate is the prevailing market rate in Oklahoma for attorneys with similar skill and experience engaged in matters of similar complexity.

Plaintiff claims the following hourly rates are reasonable: $295.00 for Mr. Weisberg and Mr. Meyers in 2010; $265.00 for Mr. Weisberg in 2009; and $175.00 for an associate attorney who answered Plaintiff's questions in 2010, conferred with her in 2009 regarding the facts and the representation agreement, and prepared a summary for the file. *See* Pl.'s Motion [Doc. No. 18], Ex. 31 at 4 (unnumbered). Plaintiff claims the following rates are appropriate for staff members: three paralegals who worked on the matter, $120.00 per hour; a fourth paralegal who communicated with Defendant concerning a settlement offer, $150.00 per hour; a law clerk who prepared the fee application, $100.00 per hour; and a legal assistant who communicated with Plaintiff, $80.00 per hour. To establish the reasonableness of these rates, Plaintiff relies on the following submissions: a 2007 consumer law survey showing an average billing rate for attorneys in a geographical region including Oklahoma of $225.00 per hour; a matrix of hourly rates compiled by the United States Attorney's Office for the District of Columbia, which shows a rate of $315.00 in 2007-08 for an attorney with ten years of experience; and the declarations of two consumer law attorneys licensed in Illinois and California who state generally that the rates charged by Plaintiff's attorneys and staff members are reasonable. *See* Pl.'s Motion [Doc. No. 18], Ex. 35, Smith Decl. & Friedman Decl.[4]

Plaintiff's only evidence of hourly rates in this geographic region is the consumer law survey, and this survey groups Oklahoma with eight other southern states, including Georgia, Tennessee, and Kentucky. Even accepting the accuracy of the survey as applied to Oklahoma, it reflects a significantly lower rate than the ones charged by Mr. Weisberg and Mr. Meyers. The Court is generally familiar with the hourly rates of attorneys practicing in this legal community, both from personal experience and from evidence in other cases. The Court finds that the $295 hourly

---

[4] A third declaration addresses only the amount of time expended on the matter, not the hourly rates.

rate charged by Plaintiff's attorneys and the $175 hourly rate of the associate attorney are not justified in this legal community. The biographical information provided reflects that Mr. Weisberg has been practicing for ten years, Mr. Meyers' years of practice are unstated, and Mr. Trigsted has been practicing for four years. Assuming Mr. Weisberg and Mr. Meyers are contemporaries, the Court finds that a reasonable rate for their time is $220 per hour and a reasonable rate for Mr. Trigsted is $150 per hour.

Plaintiff provides no evidence of local hourly rates for paralegals or others, and no information about the experience of the paralegals who worked on this matter. The Court agrees with Defendant that a reasonable rate for paralegals in this community is $100 per hour. As to other staff members, law firms in this community do not customarily charge clients for legal assistants or law clerks; clerks are generally students engaged in educational or mentoring pursuits. In this case, however, because a law clerk appears to have performed a compensable service that a paralegal would perform (preparing a draft of the fee application), the Court will allow $100 per hour for the law clerk's time.

As to the reasonableness of particular time entries, the Court agrees that clerical or administrative tasks are not considered to be compensable legal services. However, the only entries to which Defendant's object as a clerical task are opening files on January 8, 2010. *See* Def.'s Objection [Doc. No. 21] at 15. The description of tasks associated with these entries plainly reflects substantive work by Mr. Weisberg and a paralegal on the matter. The Court finds these two entries of approximately one hour each reflect compensable legal work and should be allowed. Accordingly, the Court calculates the amount of attorney's fees that may reasonably be awarded in this case as follows:

| Lawyer or Paralegal | Hourly Rate | Hours Worked | Subtotal |
|---|---|---|---|
| Alexander Weisberg | $220.00 | 9.8 | $2,156.00 |
| Marshall Meyers | $220.00 | 0.8 | $ 176.00 |
| Joshua Trigsted | $150.00 | 1.1 | $ 165.00 |
| Jeanette Soto | $100.00 | 0.3 | $ 30.00 |
| Kimberly Larson | $100.00 | 0.2 | $ 20.00 |
| Jessica DeCandia | $100.00 | 1.2 | $ 120.00 |
| Tremain Davis | $100.00 | 2.0 | $ 200.00 |
| Paul Zelnick | $100.00 | 4.8 | $ 480.00 |

The Court finds that the sum of $3,347.00 represents a reasonable attorney's fee award to Plaintiff for her successful action to enforce Defendant's FDCPA liability in this case.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees [Doc. No. 18] is granted in part and denied in part.  The Court orders an award to Plaintiff of a reasonable attorney's fee in the amount of $3,347.00.  Judgment shall be entered accordingly.

IT IS SO ORDERED this 17th day of February, 2011.


_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE